IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ACE CONSTRUCTORS, INC., Plaintiff, | ) | No. 04-299C |
| v. | ) | (Judge Lettow) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's jurisdiction paragraph constitute conclusions of law, to which no answer is required.

1. Admits the allegations contained in paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 2.

3. Admits the allegations contained in the first sentence of paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 3. The

allegations contained in the second sentence of paragraph 3 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in paragraph 5 to the extent supported by the claim document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the claim document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Defendant's responses to paragraphs 1 through 8 of the complaint are incorporated by reference.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the contract documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 10. Denies the allegations contained in the second sentence of paragraph 10 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the third sentence of paragraph 10 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

12. Defendant's responses to paragraphs 1 through 11 of the complaint are incorporated by reference.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

14. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 13, or to any relief whatsoever.

15. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL:
REX CROSSWHITE
Office of Counsel
Army Corps of Engineers
Fort Worth, Texas

May 4, 2004 Attorneys for Defendant

Certificate of Filing

I hereby certify that on May 4, 2004, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail