IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ACE CONSTRUCTORS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 04-299C (Judge Lettow) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report.

a. Does the Court have jurisdiction over the action?

Ace Constructors, Inc. asserts jurisdiction pursuant to 41 U.S.C. § 601, et seq. At this time, the United States knows of no reason to question the Court's jurisdiction.

b. Should the case be consolidated with any other case and the reasons therefor?

The case should not be consolidated with any other case.

c. Should the trial of liability and damages be bifurcated and the reasons therefor?

The trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefor?

Further proceedings in this case should not be deferred pending consideration of any other case before this Court or any other tribunal.

e. Will a remand or suspension be sought and the reasons therefor and the proposed duration?

A remand or suspension will not be sought.

f. Will additional parties be joined?

Additional parties will not be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?

Neither party, at this time, intends to file a motion pursuant to RCFC 12(b), 12(c), or 56.

h. What are the relevant factual and legal issues?

Plaintiff identifies the following factual and legal issues:

1. Whether the Army Corps of Engineers breached the construction contract by failing to provide accurate plans and specifications, failing to comply with the standard contract clause relating to changes, and failing to administer the contract in good faith.

2. Whether the contractor encountered differing site conditions as provided for in standard contract clause 52-236-3.

3. Whether ACE Constructors gave notice of the differing site conditions.

4. Whether the Army Corps of Engineers had actual notice of the differing site conditions.

5. Whether the Army Corps of Engineers was prejudiced by any alleged lack of notice.

6. The amount of damages due ACE Constructors from the Army Corps of Engineers.

Defendant identifies the following factual and legal issues:

1. Whether ACE Constructors, which performed a contract for the construction of an "Ammo Hot Load Facility" at Fort Bliss Texas, is entitled to $580,485 for an alleged differing site condition consisting of elevations at the site differing materially from elevations contained in a topographical survey set forth on the contract drawings, and whether ACE Constructors provided notice of that alleged differing site condition as required under the differing site conditions clause of the contract.

2. Whether ACE Constructors is entitled to $1,718,318 for alleged defects in contract drawings and specifications regarding grading and testing requirements.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties do not expect that this case can be settled. Plaintiff, however, welcomes the opportunity to engage in alternative dispute resolution proceedings. Defendant does not expect that, at this stage, alternative dispute resolution will be productive; but will continue to consider, during the course of discovery, the potential for resolving this case through alternative dispute resolution.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

Plaintiff believes that the case meets the criteria for expedited scheduling as described and requests the same. El Paso would be inconvenient for ACE and its witnesses and ACE requests that the trial be held in Florida or Washington, D.C.

Defendant anticipates that the case will proceed to trial, does not request an expedited trial scheduling, and requests El Paso, Texas, the location of our witnesses, as the place for trial.

k. Are there special issues regarding electronic case management needs?

There are no special issues regarding electronic case management needs.

l. Is there other information of which the Court should be aware at this time?

There is no other information of which the Court should be aware at this time.

Discovery Plan:

1. The parties propose February 18, 2005, as the deadline for fact discovery;

2. The parties propose April 15, 2005, as the deadline for the disclosure of expert reports;

3. The parties propose May 20, 2005, as the deadline for depositions or other discovery of experts;

4. The parties propose that dispositive motions, if any (except for cross-motions), shall be filed no later than June 17, 2005.

The parties believe this discovery plan will allow sufficient time to conduct orderly discovery and to explore settlement negotiations and/or alternative dispute resolution if appropriate.

Plaintiff notes that it has requested an Expedited Trial Schedule, and proposes that, if the Court orders same, the parties submit a timeline for the above milestones that is tied to the expedited trial date.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

**s/W. Robert Vezina, III**
W. ROBERT VEZINA, III
Vezina, Lawrence &
Piscitelli, P.A.
318 North Calhoun Street
Tallahassee, FL 32301

Attorney for Plaintiff

June 25, 2004

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL:
REX CROSSWHITE
Office of Counsel
Army Corps of Engineers

Attorneys for Defendant

June 25, 2004

Certificate of Filing

I hereby certify that on June 25, 2004, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail