IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 04-299-C

(Filed: July 14, 2004)

ACE CONSTRUCTORS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

SCHEDULING ORDER

This Scheduling Order draws upon the status conference held on July 8, 2004, the parties' Joint Preliminary Status Report, submitted on June 25, 2004, and RCFC Appendix A ¶¶ 13-16. The Court adopts the parties' proposed pre-trial schedule in large part with the alterations set forth below. The events set forth in the following schedule shall occur on or before the specified dates:

| Event | Date |
|---|---|
| close of fact discovery | February 18, 2005 |
| exchange of parties' expert reports | April 15, 2005 |
| conclusion of depositions of parties' experts and close of discovery related to experts | May 20, 2005 |
| submission of dispositive motions, if any, excluding cross-motions | June 3, 2005 |
| exchange of parties' witness and exhibit lists | June 29, 2005 |
| submission of plaintiff's Memorandum of Facts and Law and plaintiff's witness and exhibit lists | July 13, 2005 |
| submission of defendant's Memorandum of Facts and Law and defendant's witness and exhibit lists | August 10, 2005 |
| submission of motions *in limine*, if any, by either party | August 17, 2005 |

| | |
|---|---|
| submission of responses to motions *in limine* | August 24, 2005 |
| pre-trial conference | August 31, 2005 at 9:30 a.m. |
| trial commencement | September 7, 2005 at 9:30 a.m |
| trial conclusion | September 16, 2005 |

The pretrial conference shall be held on August 31, 2005, commencing at 9:30 a.m., at the Howard T. Markey National Courts Building, 717 Madison Place, N.W., Washington, D.C. The particular courtroom to be used will be designated in a posting made in the lobby of the building.

The trial may be held in whole or in part in Texas. The Court will endeavor to arrange a location for trial as close as practical to El Paso and will inform the parties of such arrangements once they have been concluded. At trial, each side will be allotted 30 minutes for opening statements at the beginning of the first day of trial. Thereafter, each side will be allotted nineteen hours for the presentation of evidence, which will not include time spent engaging in arguments on evidentiary motions, time spent by the Court asking questions of witnesses, or time spent addressing housekeeping details. Finally, each side will allotted 30 minutes for closing statements upon the conclusion of the presentation of evidence.

The parties have indicated that they do not intend to file dispositive motions. Although the Court has provided a deadline by which such motions must be filed, in light of the expedited nature of the schedule in this case and the factual nature of the matters apparently at issue, the filing of dispositive motions in this case is discouraged.

The parties have also indicated that this case may be resolved through settlement or alternative dispute resolution ("ADR") upon further development. The parties are encouraged to engage in settlement negotiations and are invited to pursue ADR in accord with RCFC App. H if both parties so agree. The Court is amenable to facilitating an approach to ADR that would proceed in tandem with the pre-trial schedule set forth above.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge