IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ACE CONSTRUCTORS, INC., Plaintiff, | ) | No. 04-299C |
| v. | ) | (Judge Lettow) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION IN LIMINE

Defendant, the United States, requests that the Court exclude from trial any evidence of damage suffered by Cambro Construction, Inc., arising from work on the "pallet pad" as of October 7, 2001.

Cambro was a subcontractor to plaintiff, ACE Constructors, Inc., on the Fort Bliss, Texas Ammo Hot-Load project that is the subject of this action. Complaint ("Compl.") at 1 ¶ 1; Appendix ("App.") 1. Some of the claims in this action are passed-through from Cambro to the United States. Compl. at 2 ¶ 6; App. 36-39. A prime contractor may in certain circumstances sue the Government upon behalf of its subcontractor for costs incurred by the subcontractor. E.R. Mitchell Constr. Co. v. Danzig, 175 F.3d 1369, 1370 (Fed. Cir. 1999). Pursuant to the Severin doctrine, however, where the subcontractor has released the prime contractor from liability for claims, the prime contractor may not sue the Government upon behalf of the subcontractor upon

those claims. See J. L. Simmons Co. v. United States, 158 Ct. Cl. 393, 397-98, 304 F.2d 886, 888-89 (1962).

Here, Cambro abandoned the Ammo Hot-Load project in September 2001. App. 26-27. According to ACE's president, who certified Cambro's pass-through claim (App. 36, 38-39), that claim probably includes claims for work on the pallet pad performed prior to Cambro leaving the project. App. 29 at 5-8, 30 at 16-25, 31 at 5-15. However, an October 7, 2001 "Limited Work Authorization Agreement" provides that ACE and Cambro "waive, release and hold each other harmless from any claim . . . which has been asserted or which could have been asserted against the other as of the date of this Agreement relating to the Pallet Pad . . . ." App. 34 ¶ 7. That provision releases ACE from any liability to Cambro arising from Cambro's work on the pallet pad on or before October 7, 2001. Because Cambro released ACE from liability for those claims, ACE may not assert those claims in this action. Cf. George Hyman Constr. Co. v. United States, 30 Fed. Cl. 170, 172, 174-75 (1993) (holding that release of prime contractor liability on reverse of check to subcontractor for final payment brought case within the Severin doctrine), aff'd, 39 F.3d 1197 (Fed. Cir. 1994) (table).

For these reasons, the Court should exclude from trial in this action any evidence of damage suffered by Cambro arising from work on the pallet pad prior on or before October 7, 2001.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL:
REX CROSSWHITE
Office of Counsel
Army Corps of Engineers
Fort Worth, Texas

September 27, 2005 Attorneys for Defendant

Certificate of Filing

I hereby certify that on September 27, 2005, a copy of the foregoing Defendant's Motion In Limine was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail