IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 04-299C
(Filed: October 11, 2005)

ACE CONSTRUCTORS, INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

FINAL PRE-TRIAL ORDER

Pursuant to RCFC 16(e), this Final Pre-Trial Order recites the actions taken during the Pre-Trial Conference conducted in this case on October 11, 2005, and provides a framework for post-trial briefing.

1. Trial is scheduled for October 17-21, 2005 in El Paso, Texas. Trial will begin at 9:30 a.m. and conclude at approximately 5:30 p.m. each business day. Trial on October 17, 19, 20, and 21 shall be held at the Texas State Court of Appeals - 8th District, 500 E. San Antonio, El Paso, TX. A site visit to Fort Bliss will be conducted on October 18, and trial for the remainder of that day shall be held at the Camino Real Hotel, 101 S. El Paso St., El Paso, TX. The particular conference room to be used at the hotel that day will be designated in a posting made in the lobby of the hotel.

2. (a.) Opening statements shall be made at the outset of trial on October 17, 2005. The plaintiff and the government will each be allotted 30 minutes for that purpose.

   (b.) Based upon the representations of the parties regarding their estimates of time required for the presentation of evidence, the court concludes that it is not necessary to impose a time limit on the parties for trial presentation.

3. At the pretrial conference, the parties indicated that they are not now aware of any issues related to the authenticity of any proposed trial exhibits. Accordingly, all documents produced are presumed authentic other than handwritten notes, which will be deemed authentic if supported by appropriate testimony, either from

deposition or trial. The presumption of authenticity may be rebutted by appropriate evidence.

4. The parties shall provide to the court at the outset of the trial two copies of a list to be used by the court to track exhibits at trial. The list should contain the following three columns: (1) the identifying number for each exhibit planned to be admitted into evidence, or otherwise to be addressed, at trial, (2) a blank space for the court to enter the name of the witness through whom the exhibit is sought to be admitted or is addressed, and (3) a blank space for the court to enter the disposition of any request to admit that exhibit.

5. The original "stickered" version of each exhibit shall be tendered to the court reporter as the trial progresses. The parties shall submit to the court two copies of each exhibit as it is tendered to a witness, if that exhibit has not previously been addressed by a witness.

6. To constitute part of the factual record, an exhibit must be formally moved into evidence and admitted into evidence.

7. Counsel shall not engage in substantive discussions with a witness while any portion of that witness's examination is pending.

8. (a.) *Voir dire* of any witness offered as an expert shall be conducted, and such witness must be qualified and accepted by the court as an expert, prior to any substantive testimony by such witness.

(b.) The court anticipates that expert reports, or pertinent parts of them, will be admitted into evidence after a suitable foundation has been provided for such admission.

9. Counsel should stand when addressing the court, when raising objections, or otherwise seeking to be heard during testimony.

10. For witnesses to be called by both parties, the parties have agreed that the scope of cross-examination may extend beyond the subject matters addressed on direct examination, provided that no examination of witnesses may extend beyond the scope of the descriptions provided on the parties' witness lists.

11. The parties have requested exclusion of witnesses pursuant to Fed. R. Evid. 615, and such request is GRANTED, except that each party may have one representative present. This exclusion also does not apply to expert witnesses.

12. A party shall serve by hand two copies of each demonstrative exhibit it intends to use with respect to a witness no later than 24 hours before the witness is scheduled to take the stand. If a demonstrative exhibit is served after business

hours, it may be served by facsimile rather than hand delivery, but the party will deliver two copies of the demonstrative the following morning. For purposes of this requirement, "demonstratives" do not include copies of pages from exhibits or proposed exhibits, copies of trial transcripts, bullet point argument summaries, or items generated on the stand. "Demonstratives" include bullet points with numerical data or calculations. This provision applies to rebuttal, except when good cause is shown for an exception.

13. Pending before the court is Defendant's Motion *In Limine*, filed on September 27, 2005, requesting exclusion from trial of any evidence of damage suffered by Cambro Construction, Inc., a subcontractor to plaintiff on the project at issue in this case, arising from work on the project on or before October 7, 2001. Defendant's motion is DENIED in part and GRANTED in part. Evidence of the activities and involvement of Cambro Construction, Inc. in the project at issue may be adduced at trial. However, such evidence may not be introduced for the purpose of proving damages for work done by Cambro Construction, Inc. on the "pallet pad" prior to October 7, 2001.

16. Each party shall file initial post-trial briefs on or before December 5, 2005, and shall file responsive briefs on or before December 19, 2005.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge