IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ACE CONSTRUCTORS, INC., Plaintiff, | ) | No. 04-299C |
| v. | ) | (Judge Lettow) |
| THE UNITED STATES, Defendant. | ) | |

STIPULATIONS OF FACT

1. On September 27, 2000, the United States, through the Army Corps of Engineers awarded Contract No. DACA63-00C-0025, in the amount of $8,616,840.00, to Ace Constructors, Inc. (“ACE”) for the construction of an Ammo Hot-Load Area at Biggs Army Airfield, Fort Bliss, in El Paso, Texas.

2. The contract required the construction of roads, drainage ditches and drainage structures, a loading pad and shelter and a taxiway.

3. The original contract time was 360 calendar days. With extensions, the adjusted contract completion date was December 21, 2001.

4. The contract included Federal Acquisition Regulations (“FAR”) FAR 52.236-2, Differing Site Conditions, and section 01720 of the contract, entitled "Survey, Layout and Other Data."

5. ACE commenced clearing and grubbing activities on January 9, 2001.

6. On January 26, 2001 the field work for the topographical survey of the site was 95 percent complete.

7. Excavation and fill activities started on February 5, 2001.

8. In its March 2, 2001 Quality Control Report ("QCR"), ACE notified the Government in writing that it was in need of more dirt.

9. In order to generate the additional fill, the Government authorized ACE to increase the width of the trench and retention pond excavations and to import fill from another Government construction project in proximity to the project.

10. On April 27, 2001, ACE submitted to the Government a request for equitable adjustment for additional embankment placement, claiming that the existing elevations shown on the project plans were erroneous.

11. ACE’s principal paving subcontractor was Cambro Construction Company, Inc. (“Cambro”).

12. Paragraph 1.3.7 of Section 02753 of the Technical Provisions provides "[t]he profilograph method shall be used for all longitudinal and transverse testing, except where the runs would be less than 60 m in length and at the ends where the straightedge shall be used" for testing surface smoothness of concrete paving.

13. Paragraph 1.3.7.1.b of Section 02753 of the Technical Provisions in Exhibit 2 specifies the profilograph surface smoothness requirements for taxiway longitudinal and all other

airfield areas, both longitudinal and transverse directions as 140 maximum specified profile index mm per km.

14. Paragraph 1.3.7.3.b of Section 02753 provides:

> Profilograph Testing: Location and data from all profilograph measurements shall be recorded. When the Profile Index of a lot exceeds the tolerance specified in paragraph "Smoothness Requirements" above by 16 mm per km but less than 32 mm per km, after any reduction of high spots or removal and replacement, the computed percent payment based on surface smoothness will be 95 percent. When the Profile Index exceeds the tolerance by 32 mm per km but less than 47 mm per km, the computed percent payment will be 90 percent. When the Profile Index exceeds the tolerance by 47 km but less than 63 mm per km, the computed percentage payment will be 75 percent. When the Profile Index exceeds tolerance by 63 mm per km or more, the lot shall be removed and replaced at no additional costs to the Government. Regardless of the above, any small individual areas with surface deviation which exceeds the tolerance given above by more than 79 mm per km shall be corrected by grinding to meet the specification requirements above or shall be removed and replaced at no additional costs to the Government.

15. Section 02753 of the contract Technical Provisions allowed the placement of concrete pavement using either fixed form paving (¶ 3.5.5) or slip form paving (¶ 3.5.6).

16. Cambro elected to utilize the fixed form method of paving.

17. Paragraph 3.5.5.1.b of Section 02753 of the contract Technical Provisions provides that steel forms "shall be furnished in sections not less than 3 m in length . . . ."

18. Cambro began preparing their paving machine for concrete pavement on June 27, 2001.

19. From July 17 through 24, 2001, Cambro set forms for the pallet storage pad.

20. Cambro poured a test strip, Lane P 1, in the pallet storage area on July 25, 2001.

21. The Government waived the profilograph test for purposes of determining payment on the pallet storage area on August 23, 2001.

22. On August 27, 2001, Cambro began setting forms on Lane L-1 at the loading apron.

23. On August 30, 2001, ACE informed Cambro that it was in default of its contract.

24. On September 7, 2001, ACE again informed Cambro that it was in default of its contract.

25. On September 24, 2001, Cambro stopped work at the project site.

26. On September 25, 2001, ACE terminated Cambro for default, for failure to prosecute the work with diligence and in accordance with applicable schedule and for stopping work at the jobsite.

27. On October 3, 2001, Cambro returned to the jobsite and took straight edge measurements.

28. On October 7, 2001, ACE and Cambro entered into an agreement allowing Cambro to resume work on the project.

29. On October 8, 2005, Cambro employees returned to the

job site.

30. On October 18, 2001, the Government waived the profilograph test for purposes of determining payment on the loading pad.

31. The Government assessed $254,280 in liquidated damages against ACE for delay to the completion of the contract work.

32. ACE assessed $326,000 in liquidated damages against Cambro for 200 days of delay to the completion of the contract work.

33. On April 27, 2001, ACE submitted to the Government a request for equitable adjustment for alleged extra work and delay in the concrete and subgrade operations. That request for equitable adjustment included a pass-through claim on behalf of Cambro.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
by s/Kathryn A. Bleecker
DONALD E. KINNER
Assistant Director

s/W. Robert Vezina, III
W. ROBERT VEZINA, III
Vezina, Lawrence &
Piscitelli, P.A.
318 North Calhoun Street
Tallahassee, FL 32301

Attorney for Plaintiff

October 14, 2005

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL:
REX CROSSWHITE
Office of Counsel
Army Corps of Engineers

Attorneys for Defendant

October 14, 2005

Certificate of Filing

I hereby certify that on October 14, 2005, a copy of Stipulations Of Fact was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail