**UNITED STATES COURT OF FEDERAL CLAIMS**

*********************************

**ACE CONSTRUCTORS, INC.,**

**Plaintiff,**

**v.**

**UNITED STATES ARMY CORPS OF ENGINEERS,**

**Defendant.**

*********************************

**No. 04-299 C**

**Judge Charles F. Lettow**

**ACE'S MEMORANDUM SUPPORTING TAXING OF COSTS**

Pursuant to Rule 54(d)(1)(A) of the Rules of the United State Court of Federal Claims, plaintiff, ACE Constructors, Inc. ("ACE") files this memorandum supporting taxing of costs against defendant, United States Army Corps of Engineers ("COE").

On March 31, 2006, this Court entered an Opinion and Order constituting entry of judgment in favor of ACE and against COE, and awarded ACE costs of suit. (Opinion and Order, 53). Pursuant to Rule 54(d)(1)(A), a bill of costs, this memorandum, an itemized summary of costs, and the affidavits of John Fulkerson and W. Robert Vezina, III, are submitted within 30 days of entry of that Opinion and Order.

**ENTITLEMENT UNDER THE RULES AND THE EAJA**

Rule 54(d) provides in pertinent part: "**(1) Costs Other than Attorneys' Fees.** Costs other than attorneys' fees may be awarded to the prevailing party to the extent permitted by law. *See* 28 U.S.C. § 2412(a)." (emphasis original). The Equal Access to Justice Act ("EAJA") provides in pertinent part:

> (1) [A] judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(a).

This Court has jurisdiction over this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq*. The EAJA empowers this Court to award costs to the prevailing party. *See* 28 U.S.C. § 2412(a)(1) and (d)(2)(F) (defining "court" to include the United States Court of Federal Claims); *see also In re Davis*, 899 F.2d 1136, 1140 n. 7 (11th Cir. 1990). Because ACE's net worth was less than $7,000,000.00 and ACE employed less than 500 workers on the date of filing, ACE is a "party" for EAJA purposes. *See* 28 U.S.C. § 2412(d)(2)(B); *see also* Fulkerson Affid.

Pursuant to the Opinion and Order, ACE is the "prevailing party" entitled to relief under the EAJA. *See* 28 U.S.C. § 2412(a); *see also*, *Hensley v. Eckerhart*, 461 U.S. 242, 433, 103 S.Ct. 1933, 1939 (1983) ("[P]laintiffs may be considered 'prevailing parties' for attorneys fees purposes *if they succeed on any significant issue in litigation* which achieves some of the benefit the parties sought in bringing suit.") (emphasis added); *Rice Services, Ltd. v. U.S.*, 405 F.3d 1017, 1025 (Fed. Cir. 2005) ("prevailing party" includes obtaining an enforceable judgment on the merits).

As such, ACE is entitled to taxable costs under the EAJA, 28 U.S.C. § 2412(a) and Rule 54(d).

## AWARDABLE COSTS CLAIMED

### <u>Fees of the Clerk</u>

As referenced in the EAJA, at 28 U.S.C. § 2412(a), 28 U.S.C. § 1920(1) allows a judge or clerk of any court of the United states to tax as costs the "[f]ees of the clerk and marshal." 28

U.S.C. § 1920(1).

Section 1914(a) of Title 28 governs the amounts the clerk may charge for filing fees:

> The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $150, except that on application for a writ of habeas corpus the filing fee shall be $5.

28 U.S.C. § 1914(a). Per the Affidavit of John Fulkerson, and the accompanying itemized summary of costs, ACE has incurred **$300.00 in clerk's fees**. *See* Fulkerson Affid. and Summary of Costs.

**Stenographic Costs**

Pursuant to 28 U.S.C. § 1920(2), ACE is entitled to "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

ACE has incurred **$15,419.76 in stenographic costs**, including, without limitation, the depositions of Danny Menchaca, Telo Fuentes, David L. Wise, Jerry Fletcher, Allen Nobles, Louis Wenick and Will Sanford, the transcript for the October 11, 2005 hearing, the transcripts of the trial, and the hearing transcript from February 2, 2006 closing arguments. *See* Fulkerson Affid. and Summary of Costs.

**Witness Disbursements and Costs**

ACE seeks recovery of witness fees and disbursements as allowed by the EAJA. *See* 28 U.S.C. § 1920(3). Pursuant to 28 U.S.C. § 1821, fees and disbursements for witnesses testifying in person before this Court or by deposition in this action are calculated as follows:

1) $40 per day for attendance at trial or at deposition, including travel to and from the place of giving testimony;

2) actual amounts incurred by witnesses traveling by common carrier;

3) toll charges, taxicab fares and parking fees incurred relating to the witness

testifying;

4) "normal travel expenses" incurred relating to the witness testifying; and

5) a subsistence allowance, or "per diem," equivalent to the maximum allowance prescribed by the Administrator of General Services for official travel in the area of attendance.

28 U.S.C. 1821; *see also* Administrator of General Services *per diem* rates for FY 04 and 05, attached as composite Exhibit "A."

ACE incurred **$5,258.97 in allowable witness disbursements and expenses**. *See* Fulkerson Affid. and Summary of Costs.

**REQUEST FOR RELIEF**

ACE requests taxable costs in the amount of **$20,978.73**, as outlined in its bill of costs, its schedule of costs, and the affidavits of John Fulkerson and W. Robert Vezina, III, (attached as Exhibit "B").

**CERTIFICATION OF SERVICE AND ELECTRONIC FILING**

**STATE OF FLORIDA )**
**)**
**COUNTY OF LEON )**

I certify under penalty of perjury under the laws of the United States of America that a copy hereof was this day filed electronically and mailed to Timothy Paul McIlmail, U.S. Department of Justice, Civil Division – Commercial Litigation Branch, 1100 L Street NW, 8th Floor, Washington, DC 20005 and Rex Crosswhite, Office of Counsel, Army Corps of Engineers, Fort Worth, Texas with postage fully prepaid thereon. Executed on April 28, 2006.

/s/Bradley S. Copenhaver
W. Robert Vezina, III
Florida Bar No. 329401
Bradley S. Copenhaver
Florida Bar No. 162558
Vezina, Lawrence & Piscitelli, P.A.
413 East Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 224-6205
Telefacsimile: (850) 224-1353