**UNITED STATES COURT OF FEDERAL CLAIMS**

*****************************

**ACE CONSTRUCTORS, INC.,**

**Plaintiff,**

**v.**

**UNITED STATES ARMY CORPS OF ENGINEERS,**

**Defendant.**

**No. 04-299 C**

**Judge Charles F. Lettow**

*****************************

**ACE'S MOTION AND APPLICATION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412 *et seq.* and Rule 54(d)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, ACE Constructors, Inc. ("ACE"), moves for an award of attorneys' fees and nontaxable expenses against defendant, United States Army Corps of Engineers ("COE"), and states:

1. This Court maintains jurisdiction over this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq.*, and is empowered to award attorneys' fees and nontaxable expenses. *See* 41 U.S.C. § 609(a)(1) ("[A] contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary."); *see also* 28 U.S.C. § 2412 (b) and (d) (outlining basis for entitlement to attorneys' fees and nontaxable expenses, and defining "court" to include the United States Court of Federal Claims); *see also In re Davis*, 899 F.2d 1136, 1140 n. 7 (11th Cir. 1990).

2. As an agency the federal government, COE may be compelled to pay an award of

attorneys' fees and nontaxable costs under the EAJA. *See* 5 U.S.C. § 102 (recognizing the Department of the Army as an executive agency); *see also*, 28 U.S.C. § 2412(d)(2)(C) ("United States" includes any agency and any official of the United States acting in his or her official capacity.).

3. ACE is a Florida corporation which, at all times relevant hereto, has been engaged in the business of general construction contracting. (Fulkerson Affid., attached as Exhibit "A.") On the date this action was filed, ACE's net worth was less than $7,000,000.00, and it employed fewer than 500 workers. *Id.* As such, ACE is a "party" eligible for relief under the EAJA. *Id.*; *see also*, 28 U.S.C. § 2412(d)(2)(B).

4. On or about March 4, 2004, ACE filed its complaint in this action.

5. On March 31, 2006, this Court entered an Opinion and Order constituting entry of judgment in ACE's favor against COE. Pursuant to that Opinion and Order, ACE is a "prevailing party" entitled to relief under the EAJA. *See* 28 U.S.C. § 2412(b); *see also*, *Hensley v. Eckerhart*, 461 U.S. 242, 433, 103 S.Ct. 1933, 1939 (1983) ("[P]laintiffs may be considered 'prevailing parties' for attorneys fees purposes *if they succeed on any significant issue in litigation* which achieves some of the benefit the parties sought in bringing suit.") (emphasis added); *Rice Services, Ltd. v. U.S.*, 405 F.3d 1017, 1025 (Fed. Cir. 2005) ("prevailing party" includes obtaining an enforceable judgment on the merits).

6. In whole or in part, the position taken by COE in and related to this action was not "substantially justified," entitling ACE an award of attorneys' fees and nontaxable expenses under the EAJA. The COE bears the burden of proving that its position as relates to this action was "substantially justified." *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) ("The burden of proving substantial justification falls to the Government."); *see also*, *e.g.*, *Clark v.*

*Busey*, 959 F.2d 808, 810 (9th Cir. 1992) ("[T]he prevailing party's entitlement to an award under the EAJA is presumed, unless the government's position in the challenged conduct and in the litigation itself is 'substantially justified.'").

7. No special circumstances exist to render an award of attorneys' fees and nontaxable expenses unjust.

8. ACE is entitled to recover the actual attorneys' fees it incurred in prosecuting this action, which were incurred at an hourly rate greater than typically imposed by the EAJA. *See* 28 U.S.C. § 2412(d)(2)(A)(ii) (allowing courts to award attorneys' fees exceeding the $125 per hour limitation for any "special factor"); *see also*, *Pierce v. Underwood*, 487 U.S. 552, 571-72, 108 S.Ct. 2541, 2553-54 (1988) ("distinctive knowledge or specialized skill" in an identifiable specialty that is "necessary and can only be obtained at rates in excess of the [$125] cap" justifies exceeding the EAJA hourly rate cap); *Harriott v. Ashcroft*, 277 F.Supp.2d 538 (E.D. Pa. 2003) (immigration attorneys' specialized expertise warranted $300 per hour compensation rate).

9. The special factors that justify an award in excess of $125.00 an hour include the following: (1) ACE's selection of counsel in this action was confined to the limited pool of available attorneys admitted to the United States Court of Federal Claims. (2) ACE's attorneys, Vezina, Lawrence, & Piscitelli, P.A., are dedicated to the specialized practice of construction litigation, with particular emphasis on public construction projects and government contracts. ACE's attorneys who handled this matter have a combined total in excess of 25 years of experience devoted exclusively to these areas of practice. (3) As reflected in the Opinion and Order, the issues of fact and law before the Court were numerous and complex, demanding specialized skill, training and experience of public construction law counsel.

10. Per the affidavit of John Fulkerson (Exhibit "A"), the itemized summary of fees and expenses, and the affidavit of W. Robert Vezina, III, attached as Exhibit "B," ACE claims attorneys' fees and expenses in the amount of **$259,346.66**.

**CERTIFICATE OF FILING**

I hereby certify that on April 28, 2006, a copy of ACE's Motion for Attorneys' Fees and Nontaxable Expenses was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Bradley S. Copenhaver
W. Robert Vezina, III
Florida Bar No. 329401
Bradley S. Copenhaver
Florida Bar No. 162558
Vezina, Lawrence & Piscitelli, P.A.
413 East Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 224-6205
Facsimile: (850) 224-1353