IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ACE CONSTRUCTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-299C |
| v. | ) | |
| | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS

Pursuant to the Court's September 15, 2006 order, defendant, the United States, responds to the April 28, 2006 Bill Of Costs of plaintiff, ACE Constructors, Inc. ("ACE"). We present the following three objections to the bill of costs.

First, we object to $150 of the "fees of the clerk" that ACE requests. ACE requests $300 in "fees of the clerk." Bill of Costs ("Bill") at 1. The docket sheet in this case, however, reflects that, on March 5, 2004, ACE paid only $150 in filing fees; the docket sheet does not support ACE's contention on page 1 of its "Summary of Costs" that it paid a second $150 filing fee on May 17, 2005. (Indeed, the docket sheet contains no entry for May 17, 2005, and the Court's website reflects that the fee for filing a civil action was increased to only $250, effective April 4, 2005, more than a year after ACE commenced this action.)

Second, we object to $12,616.96 of the $15,419.76 in stenographic costs that ACE requests. ACE seeks $12,474.15 in fees of court reporters for all or any part of the transcript

necessary for use in the case, and $2,945.61 in costs incident to taking of depositions, for a total of $15,419.76. Bill at 1.

The Court has discretion to tax the cost of transcripts of court proceedings when: (1) the transcripts are necessarily obtained for use in the case and (2) the cost is reasonable. Asphalt Supply & Service, Inc. v. United States, 75 Fed. Cl. 598, 602-03 (2007) (citing 28 U.S.C. § 1920(2)). Assessment of the premium delivery charges of daily transcripts must be for necessity, not just for the convenience of counsel, for those charges to be taxable. Id. Likewise, the cost of additional copies of transcripts on computer diskette or in condensed format is incurred for the convenience of counsel and may not be taxable. Id. at 603.

Where costs other than the fee for filing the action are being requested, any vouchers, receipts, or invoices supporting the cost being requested shall be attached as exhibits.

Rule 54(d)(1)(A) of the Rules of the United States Court of Federal Claims ("RCFC"). A plaintiff, however, must provide an explanation as to the necessity of a transcript; an invoice alone does not satisfy the requirement to provide sufficient documentation for the Court to find that the transcript was necessarily obtained for use in the case and a reasonable expense under the circumstances. Asphalt Supply, 75 Fed. Cl. at 603.

ACE contends that it has incurred "$15,419.76 in stenographic costs," including deposition transcripts, "the transcript for the October 11, 2005 hearing, the transcripts of the trial, and the hearing transcript from February 2, 2006 closing arguments." ACE's Memorandum Supporting Taxing Of Costs ("Pl. Memo." at 3). We do not object to the $1,828.75, $329.75, and $644.30 charges for deposition transcripts that ACE attaches to its bill of costs and lists on page 1 of its Summary of Costs; those costs are supported by invoices attached to the Bill of Costs. ACE, however, does not support with any invoices the costs that it claims on page 1 of its Summary of Costs for "copies" ($306.85), or for the transcripts of the trial and closing arguments.

Without those invoices, it is not possible for the Court to verify that ACE incurred those costs, or to determine whether any of the $11,917 in trial transcript costs that ACE claims consists of costs for additional copies on computer diskette or in condensed format. (For example, a review of the invoices to the Government for the trial transcripts reflects that cost of the transcripts alone for the five days of trial totaled only $9,817.50. Attachments. The total cost to the Government of the transcripts, additional condensed and disk copies, and delivery totaled $11,881; less than the $11,917 that ACE claims on page 1 of its Summary of Costs.) In addition, ACE does not explain why

transcripts of the October 11, 2005 hearing and closing arguments were necessary to obtain.

Third, we object to the $5,258.97 in fees for witnesses that ACE requests. Bill at 1. Again, where costs other than the fee for filing the action are being requested, any vouchers, receipts, or invoices supporting the cost being requested shall be attached as exhibits. RCFC 54(d)(1)(A). ACE provides no vouchers, receipts, or invoices supporting that $5,258.97 request.

For the foregoing reasons, we object to all but $2,952.80 of ACE’s Bill of Costs.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
by s/Brian M. Simkin
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
LLOYD REX CROSSWHITE
Office of Counsel
Army Corps of Engineers
Fort Worth, Texas

Attorneys for Defendant

January 14, 2008

Certificate of Filing

I hereby certify that on January 14, 2008, a copy of the foregoing Defendant's Objections to Plaintiff's Bill of Costs was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail

ATTACHMENTS