IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ACE CONSTRUCTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-299C |
| v. | ) | |
| | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S SUPPLEMENTAL BRIEF CONCERNING
PLAINTIFF'S REPLIES UPON ITS EAJA APPLICATION AND BILL OF COSTS

Pursuant to the Court's February 13, 2008 order, defendant, the United States, respectfully files this supplemental brief concerning the application for fees and expenses and the bill of costs that plaintiff, ACE Constructors, Inc. ("ACE") has filed. Pursuant to the understanding reached during the hearing that the Court held on February 13, 2008, the Government confines its discussion to objections to line items in ACE's February 6, 2008 Revised Summary Of Fees And Expenses and Revised Summary Of Costs that were not specifically addressed during that hearing.

Without conceding any issue regarding whether ACE is eligible for an award of fees and expenses, and without waiving any of the objections that we set forth in our responses to ACE's bill of costs and its application for fees and expenses or during the February 13, 2008 hearing, we object to the following charges listed on ACE's Revised Summary Of Fees And Expenses (Document 59-4 at 96-100) and its Revised Summary Of Costs (Document 59-4 at 101-02), upon the following grounds:

1. the $221.15, $287.67, $208.27, $292.99, and $1,843.63 for reprographic services (Document 59-4 at 96), because the invoices that ACE's attorneys issued to it for the periods during which those services were rendered (Document 59-3 at 65, 69, 72, 89) do not reflect that ACE's attorneys billed ACE for those services;

2. the $208.27, $31.75, $86.86, $15.75, $28.50, $26.32, $48.32, $1,796.26, $41.50, $182.23, and $3.25 for reprographic services (Document 59-4 at 96), for failure to identify invoices from the reprographic vendors of those services reflecting the incurrence of those charges or the rates that those vendors charged;

3. the $41.50 for reprographic services for September 30, 2005 (Document 59-4 at 96), because the invoice that ACE's attorneys issued to it for that date (Document 59-3 at 86) reflects that ACE's attorneys billed ACE only $31.50 for those services;

4. the $10.50, $43.63, and $68.63 in postage and courier charges (Document 59-4 at 96-97), because the invoices that ACE's attorneys issued to it for the periods during which those services were rendered (Document 59-3 at 95, 98) do not reflect that ACE's attorneys billed ACE for those services;

5. the $579.80, $8.61, and $19.50 for travel expenses for February 25, 2005 (Document 59-4 at 98), for failure to identify vendor invoices reflecting the incurrence of those charges;

6. all but $508.80 of the $717.20 for airfare for March 15, 2005 (Document 59-4 at 98), for failure to identify more than a $508.80 charge on the vendor invoice reflecting the incurrence of that charge (Document 59-4 at 17);

7. all but $150.08 of the $332.64 for lodging for April 1, 2005 (Document 59-4 at 98), because the invoice that ACE's attorneys issued to it for that date (Document 59-3 at 69) reflects that ACE's attorneys billed ACE only $150.08 for that expense;

8. the $10.00 and $20.00 for travel expenses for March 15, 2005 (Document 59-4 at 98), for failure to identify vendor invoices reflecting the incurrence of those charges;

9. all but $191.17 of the $197.17 for lodging for March 23, 2005 (Document 59-4 at 98), for failure to identify more than a $191.17 charge on the vendor invoice reflecting the incurrence of that charge (Document 59-4 at 27), and because the invoice that ACE's attorneys issued to it for that date (Document 59-3 at 69) reflects that ACE's attorneys billed ACE only $191.17 for that expense;

10. the $332.64 for lodging for April 1, 2005 (Document 59-4 at 98), for failure to identify a vendor invoice reflecting the

incurrence of that charge, and because the invoice that ACE's attorneys issued to it for that date (Document 59-3 at 72) does not reflect that ACE's attorneys billed ACE for that expense;

11. $159.79 of the $435.31 for rental car use for April 1, 2005 (Document 59-4 at 98), which appears to be for travel from Atlanta to Tallahassee (Document 59-4 at 32) that appears also to be covered by the $578.30 for airfare for April 1, 2005 (Document 59-4 at 98) charged for air travel from Atlanta to Tallahassee (Document 59-4 at 29-30);

12. the $15.88 for meals for May 6, 2005, for Bradley S. Copenhaver (Document 59-4 at 98), for failure to identify a vendor invoice reflecting the incurrence of that charge, and for failure to provide any explanation why that expense was necessary and is reimbursable, given that the invoice that ACE's attorneys issued to it for that date (Document 59-3 at 74) does not reflect that Mr. Copenhaver was engaged in travel on that date;

13. the $88.09 for lodging for May 6, 2005, for W. Robert Vezina (Document 59-4 at 98), for failure to identify a vendor invoice reflecting the incurrence of that charge, and for failure to provide any explanation why that expense was necessary and is reimbursable, given that the invoice that ACE's attorneys issued to it for that date (Document 59-3 at 78) does not reflect that Mr. Vezina was engaged in travel or even representation of ACE on that date;

14. all but $309.61 of the $390.79 for lodging for October 10, 2005 (Document 59-4 at 98), for failure to identify more than a $309.61 charge on the vendor invoice reflecting the incurrence of that charge (Document 59-4 at 47), and because the invoice that ACE's attorneys issued to it for that date (Document 59-3 at 89) reflects that ACE's attorneys billed ACE only $309.61 for that expense;

15. the $40.00 for tolls and parking for October 10, 2005 (Document 59-4 at 98), for failure to identify a vendor invoice reflecting the incurrence of that charge;

16. all but $1,144.60 of the $1,162.38 for lodging for October 15, 2005 (Document 59-4 at 98), because the vendor invoice reflecting the incurrence of the $1,162.38 charge (Document 59-4 at 59) reflects that $7.78 of that charge was incurred at a gift shop;

17. all but $284.31 of the $292.92 for meals for October 10, 2005 (Document 59-4 at 98), for failure to provide invoices that reflect more than the incurrence of $284.31 in such charges (Document 59-4 at 56);

18. the $2,097.92 for lodging for October 15, 2005 (Document 59-4 at 99), for failure to identify a vendor invoice reflecting the incurrence of that charge;

19. the $84.93 for meals for October 15, 2005 (Document 59-4 at 99), for failure to identify a vendor invoice reflecting the incurrence of that charge;

20. all but $314.88 of the $323.13 for lodging for February 1, 2006 (Document 59-4 at 99), because the invoice that reflects the incurrence of the lodging charge reflects that the charge was $314.88 (Document 59-4 at 92), and because the difference appears to consist of an $8.20 charge for an alcoholic beverage, not lodging (Document 59-4 at 95);

21. the $58.00 for parking for February 1, 2006 (Document 59-4 at 99), for failure to identify a vendor invoice reflecting the incurrence of that charge;

22. the $608.00, $283.65, $14.37, and $73.00 for travel expenses for March 23, 2006 (Document 59-4 at 99), for failure to identify vendor invoices reflecting the incurrence of those charges;

23. the $1,170.00 in expert fees for October 13-31, 2002 (Document 59-4 at 10-11, 99), because those fees were incurred well before the commencement of Case No. 04-299C (Fed. Cl.) on March 5, 2004, and for purposes of reviewing ACE's "draft claim" (Document 59-4 at 11), which means that those charges are related to ACE's November 4, 2002 or August 6, 2003 claims to the contracting officer (Complaint, Exhibit 1 at 1, Exhibit 2 at 1), rather than to this action (see Hillensbeck v. United States,

74 Fed. Cl. 477, 484 (2006) ("Plaintiff may not recover for expenses related to administrative proceedings."));

24. the "PACER" charges (Document 59-4 at 99-100), because counsel for plaintiff was entitled to "one free look" at documents on the Court's PACER system;

25. the $250.30 and $306.85 for stenographic services for October 11, 2005, and February 2, 2006, respectively (Document 59-4 at 101), because the invoices that ACE's attorneys issued to it (Document 59-3 at 89, 97-98) do not reflect that ACE's attorneys billed ACE for those costs;

26. the $70.00 for parking and tolls for Jerry Fletcher for October 16, 2005 (Document 59-4 at 101), for failure to identify vendor documents reflecting the incurrence of those charges;

27. all but $1,130.29 of the $1,408.13 for travel for Louis M. Wenick for October 16-21, 2005 (Document 59-4 at 101), because the invoice that Mr. Wenick issued for that period reflects that he incurred $1,130.29 in airfare during that period (Document 59-4 at 13);

28. all but $550.00 of the $565.00 for lodging for Mr. Wenick for October 16-21, 2005 (Document 59-4 at 101), because "[a] subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of

attendance by employees of the Federal Government," 28 U.S.C. § 1821(d)(2), and because the maximum per diem rate for El Paso, Texas (where Mr. Wenick attended the trial of this action), for that period was $110 per day ($110 per day times five days equals $550) (Attachment, El Paso, October 1 - January 31);

29. the $40.00 witness fee for Delbert Hyland for June 4, 2005 (Document 59-4 at 101), because neither the documents supporting ACE's bill of costs nor the record of this action reflect that Mr. Hyland was required to appear as a witness on June 4, 2005;

30. The $60.40 for meals for John Fulkerson for March 31, 2005 (Document 59-4 at 102), because ACE fails to demonstrate that an overnight stay was "required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day," such that a subsistence allowance should be paid to Mr. Fulkerson for his attendance, see 28 U.S.C. § 1821(d)(1); and

31. all but $550.00 of the $990.84 and $439.00 for lodging and meals for Mr. Fulkerson for October 17-21, 2005 (Document 59-4 at 102), because reimbursement for those items is limited by 28 U.S.C. § 1821(d)(2), and because the maximum per diem rate for El Paso, Texas (where Mr. Fulkerson attended the trial of this action), for that period was $110 per day ($110 per day times

five days equals $550) (Attachment, El Paso, October 1 - January 31).

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
by s/Brian M. Simkin
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
LLOYD REX CROSSWHITE
Office of Counsel
Army Corps of Engineers
Fort Worth, Texas

Attorneys for Defendant

February 14, 2008

Certificate of Filing

I hereby certify that on February 14, 2008, a copy of the foregoing Defendant's Supplemental Brief Concerning Plaintiff's Reply Upon Its EAJA Application and Bill of Costs was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail