**UNITED STATES COURT OF FEDERAL CLAIMS**

*****************************

**ACE CONSTRUCTORS, INC.,**

**Plaintiff,**

**v.**

**UNITED STATES ARMY CORPS OF ENGINEERS,**

**Defendant.**

*****************************

**No. 04-299 C**

**Judge Charles F. Lettow**

**ACE'S SUPPLEMENTAL REPLY BRIEF SUPPORTING**
**<u>EAJA APPLICATION AND BILL OF COSTS</u>**

Pursuant to this Court's February 13, 2008 order, Plaintiff ACE Constructors, Inc. ("ACE") submits this supplemental reply brief addressing issues raised (i) during the February 13, 2008 telephonic hearing (the "hearing") concerning ACE's request for taxable costs and application for fees and nontaxable expenses under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C § 2412, and (ii) in Defendant United States Army Corps of Engineers' (the "COE") February 14, 2008 supplemental brief, as follows:

## I. ACE Qualifies for EAJA Relief

The COE maintains that ACE cannot recover under the EAJA for failure to establish that ACE employed fewer than 500 employees at the time this action was filed. (*E.g.* Def.'s Resp. 1-3.) ACE previously demonstrated eligibility for EAJA relief through competent evidence submitted in support of its initial application (Pl.'s Initial App. Ex. A – Fulkerson Aff.) and of its supplement to that application (Pl.'s Suppl. App. Ex. Ex. A – Forehand Aff.). Attached to the Forehand affidavit was ACE's 2003 audited financial statement which established that ACE had

total labor costs of $495,722 in 2003, which, if ACE had 499 employees, would equate to only $993.43 annual compensation for each employee. Based on this information, and the statements of ACE's President and Certified Public Accountant under oath, ACE has already met its burden of proof.

Out of an abundance of caution, however, ACE now conclusively establishes its eligibility by submitting a second affidavit of Mr. Fulkerson identifying that ACE had 50 employees on ACE's payrolls at the time this action was filed. (Supp. Fulkerson Aff. ¶ 2, Ex. 1 – attached as Exhibit "A.")

## II. Reasonable and Necessary Trial Transcript Costs

The COE contends that ACE's only recovery with respect to the trial transcript should be the amounts incurred for "Expedited Reporting" and "Handling/Delivery" reporting services, for a total of $9,987.50. A breakdown of the total invoice for the trial transcript is as follows:

| **Description of Services** | **Per** | **Unit Price** | **No. of Units** | **Cost** |
|---|---|---|---|---|
| Expedited Reporting | Pg. | $7.50 | 1309 | $9,817.50 |
| Electronic Copies | Pg. | $0.75 | 1309 | $981.75 |
| Condensed Copies | Pg. | $0.75 | 1309 | $981.75 |
| Handling/Delivery | Ea. | $20.00 | 5 | $100.00 |
| FedEx | Ea. | $36.00 | 1 | $36.00 |
| | | | **TOTAL** | **$11,917.00** |

The $36.00 Federal Express charge was incurred to facilitate the prompt delivery of the expedited transcript and accounts for the mythical difference between what ACE was billed and what the COE paid. ACE disputes the COE's position that the electronic copy of the transcript was simply for the convenience of counsel as the ability to search through the 1,309 pages was essential to counsel's ability to prepare its post trial briefs, provide the court with accurate record

cites and prepare for closing arguments. ACE posits that the $981.75 cost incurred for the electronic copy of the trial transcript saved considerably more in attorney's fees.

ACE does concede, however, that the $981.75 charge for condensed copies was for the convenience of counsel and reduces its request by that amount accordingly. ACE's revised request for trial transcript costs is **$10,935.25**, and ACE requests the balance to be awarded as an element of expenses under the EAJA. *See Asphalt Supply & Serv., Inc. v. United States*, 75 Fed. Cl. 598, 602-03 (2007).

## III. Alternative COLA Rate for Attorneys' Fees

During the oral argument of this matter, the COE objected to ACE's use of the midpoint rate method for calculating the cost of living adjustment ("COLA") alternative. The COE argued for a month-by-month analysis. Although ACE maintains that the midpoint rate is proper under *Geo-Seis Helicopters, Inc. v. United States*, 79 Fed. Cl. 74 (2007), the month-by-month calculation requested by the COE actually results in an attorneys' fees award to ACE of $2,089.98 over the midpoint analysis:

| Month | Gross Hours[1] | Claimed Hours[2] | COLA Factor | Adjusted Rate | Monthly Total |
|---|---|---|---|---|---|
| | | | | | |
| Jan-04 | 1.6 | 0.0 | 185.2 | $148.68 | $0.00 |
| Feb-04 | 7.0 | 1.3 | 186.2 | $149.49 | $194.33 |
| Mar-04 | 2.6 | 0.9 | 187.4 | $150.45 | $135.40 |
| Apr-04 | 0.0 | 0.0 | 188.0 | $150.93 | $0.00 |
| May-04 | 0.6 | 0.6 | 189.1 | $151.81 | $91.09 |
| Jun-04 | 7.3 | 6.8 | 189.7 | $152.30 | $1,035.61 |
| Jul-04 | 12.5 | 11.7 | 189.4 | $152.06 | $1,779.05 |
| Aug-04 | 6.9 | 1.7 | 189.5 | $152.14 | $258.63 |
| Sep-04 | 10.5 | 7.8 | 189.9 | $152.46 | $1,189.16 |
| Oct-04 | 8.5 | 0.0 | 190.9 | $153.26 | $0.00 |

[1] From monthly invoices (Doc. 59-3 at 44-98), which do not always capture all services performed in the immediately preceding month.

[2] From "Detail Fee Transaction File List" (Doc. 47-3 at 9-14) monthly subtotals calculated based on dates services actually performed.

| | | | | | |
|---|---|---|---|---|---|
| Nov-04 | 2.5 | 2.5 | 191.0 | $153.34 | $383.35 |
| Dec-04 | 2.0 | 9.6 | 190.3 | $152.78 | $1,466.67 |
| Jan-05 | 9.5 | 0.9 | 190.7 | $153.10 | $137.79 |
| Feb-05 | 22.2 | 18.9 | 191.8 | $153.98 | $2,910.26 |
| Mar-05 | 131.8 | 128.6 | 193.3 | $155.19 | $19,956.95 |
| Apr-05 | 26.0 | 13.8 | 194.6 | $156.23 | $2,155.97 |
| May-05 | 92.9 | 49.3 | 194.4 | $156.07 | $7,694.22 |
| Jun-05 | 36.3 | 36.1 | 194.5 | $156.15 | $5,637.00 |
| Jul-05 | 28.3 | 28.3 | 195.4 | $156.87 | $4,439.48 |
| Aug-05 | 27.6 | 27.6 | 196.4 | $157.68 | $4,351.83 |
| Sep-05 | 36.6 | 9.9 | 198.8 | $159.60 | $1,580.06 |
| Oct-05 | 301.0 | 301.0 | 199.2 | $159.92 | $48,136.80 |
| Nov-05 | 25.9 | 25.9 | 197.6 | $158.64 | $4,108.73 |
| Dec-05 | 81.5 | 81.3 | 196.8 | $158.00 | $12,845.09 |
| Jan-06 | 5.7 | 5.7 | 198.3 | $159.20 | $907.44 |
| Feb-06 | 14.0 | 14.0 | 198.7 | $159.52 | $2,233.30 |
| Mar-06 | 2.0 | 2.0 | 199.8 | $160.40 | $320.81 |
| Apr-06 | 53.5 | 23.0 | 201.5 | $161.77 | $3,720.70 |
| | | | | | |
| | **956.8**[3] | **809.2**[4] | | **Revised Total** | **$127,669.73** |

ACE's previous COLA attorneys' fees request based on the midpoint method was $125,579.75, the month-by-month analysis results in a COLA adjusted award of $127,669.73.

## IV. ACE Submitted Adequate Documentation of All Disputed Charges

With respect to several third-party cost items in ACE's Revised Summary of Fees and Expenses (Doc. 59-4 at 96-100) and Revised Summary of Costs (Doc. 59-4 at 101-02), the COE argues that ACE may recover only if (a) all charges are listed in ACE's litigation counsel's ("Counsel") monthly bills, and (b) ACE submitted and identified vendor invoices. This argument is flawed.

The COE does not dispute the accuracy of Counsel's monthly invoices with respect to the quantum of professional services rendered or internal administrative charges incurred. The COE,

[3] Includes 60.8 hours of paralegal services.

[4] Paralegal services not included in this total, and reimbursement for those hours is requested separetly.

however, urges the Court to reject those same invoices for purposes of documenting third party expenses when Counsel incurred and paid those charges on ACE's behalf. Mr. Fulkerson and Mr. Vezina have both testified that the third party charges reflected in counsel's monthly invoices have been paid. This is sufficient proof to support an award of those costs in favor of ACE.

As the COE points out, some of the costs claimed by ACE do not appear in counsel's monthly invoices. The reason for this is simply that ACE paid those charges directly to the vendors. In each such instance, vendor invoices are or have been submitted to the Court to document the actual cost incurred.

A trial court has discretion as to the quantum and method of proof of each allowable expense. *Oliveira v. United States*, 827 F.2d 735, 744 (Fed. Cir. 1987). Further, "some informality of proof is appropriate," *Sosebee v. Astrue*, 494 F.3d 583, 588 (7th Cir. 2007) (citation omitted), as "a request for attorney's fees should not result in a second litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). ACE's documentation is sufficient to support an award of fees, as it included "contemporaneous records [providing] a breakdown of expenses such as the amounts spent copying documents, telephone bills, mail costs and other expenditures related to the case." *Naparano Iron & Metal Co. v. United States,* 825 F.2d 403, 404 (Fed. Cir. 1987).

ACE has produced documentation for each disputed item that establishes that ACE actually incurred all claimed costs and expenses, and that those costs and expenses were reasonable and necessary in the context of this litigation. Accordingly, ACE should recover the full amounts requested.

**V. Reply to Specific COE Objections Dated February 14, 2008**

Pursuant to the agreement of counsel made after the hearing on February 13, ACE responds to each of the specific COE objections contained in the COE's February 14 submittal with intent to (a) inform the Court where ACE is in agreement, and (b) direct the Court to the documentation that supports the amounts ACE claimed for the issues that remain in dispute. In addition to the specific responses that follow, ACE has included with this response revised summaries of its current requests for costs, fees and expenses that account for the deductions ACE has agreed to and provides the Court with record cites for each item in its request. (Exhibit "B.")

1. Denied. Counsel's monthly invoices do not include third-party reprographic services in the amounts of $221.15, $287.67, $292.99 and $1,843.63 as those charges were forwarded to ACE for direct payment to the vendor. Copies of the third-party invoices are found at Doc. 59-3 at 65, 99, 100 and 4. The $208.27 charge is indeed reflected in Counsel's invoice to ACE as two separate charges of $138.90 and $69.37. (Doc. 59-3 at 72.)

2. Denied. Each referenced charge is supported by Counsel's monthly invoices to ACE. (Doc. 59-3 at 72, 69, 77, 80, 86 and 90.) As further support, ACE has located invoices for $208.27 ($138.90 and $69.37), $86.86, $182.23 and $1,796.26, and those invoices are included in Exhibit "C."

3. Agreed. This charge is reduced to $31.50.

4. Agreed. These charges are deleted.

5. Denied. Each charge is supported by Counsel's monthly invoices to ACE. (Doc. 59-3 at 65.)

6. Denied. The $717.20 charge is a combination of $208.40 (Doc. 59-4 at 14) and

$508.80 (Doc. 59-4 at 16).

7. Denied. (Doc. 59-4 at 65.) The $150.08 charge the COE disputes was incurred on March 15, 2005, not April 1 as the COE posits. (Doc. 59-3 at 69.)

8. Denied. Each charge is supported by Counsel's monthly invoice to ACE. (Doc. 59-3 at 69.)

9. Agreed. This charge is reduced to $191.17.

10. Denied (*see* Response to Paragraph 7).

11. Agreed. This charge is reduced to $275.52.

12. Agreed. The $15.88 charge is deleted.

13. Denied. The $88.09 lodging charge was incurred June 2, 2005, not May 6, and was for Mr. Fletcher, not Mr. Vezina. Mr. Fletcher was deposed the next day, June 3, and was forced to travel to Tallahassee, Florida from his place of residence in Jacksonville, Florida. (Doc. 59-3 at 78, 80; *see also* Fletcher Depo., 4:15-20.)

14. Agreed. This charge is reduced to $309.61.

15. Denied. This charge is supported by Counsel's monthly invoice to ACE. (Doc. 59-4 at 89.)

16. Agreed. This charge is reduced by $7.78 to a total amount of $1,154.60.

17. Denied. Receipts for the entirety of this amount were included in the previous filings, but were illegible. More legible copies are included in Exhibit "D."

18. Denied. (Doc. 59-4 at 88.)

19. Denied. This charge is supported by Counsel's monthly invoice to ACE. (Doc. 59-3 at 90.)

20. Agreed. This charge is reduced to $314.88.

21. Denied. (Legible copies included within Exhibit "D.")

22. Agreed. The travel charges for March 23, 2006 are deleted.

23. Agreed. The $1,170.00 expert witness fee is deleted.

24. Agreed. The PACER charges are deleted.

25. Denied. Invoices for these stenographic services were sent to ACE for direct payment to the vendor. (Doc. 59-3 at 27.)

26. Denied. This charge is supported by Counsel's monthly invoice to ACE. (Doc. 59-3 at 89-90.)

27. Agreed. This charge is reduced to $1,130.29.

28. Agreed. This charge is reduced to $550.00.

29. Agreed. The $40.00 charge is deleted.

30. Denied. ACE maintains its principal place of business and Mr. Fulkerson resides in Gainesville, Florida. Mr. Fulkerson, ACE's president, was deposed in El Paso, Texas. (Fulkerson Depo. 1:18-23, 82:1-20; *see also* Trial Tr. 198:21-25.)

31. Agreed. This charge is reduced to $550.00.

## Conclusion

ACE has conclusively established that it is the prevailing party under the EAJA and the COE has failed to meet its burden of establishing substantial justification in the main for its defense of ACE's claims in this action. Accordingly, ACE is entitled to an award of its costs, attorney's fees and expenses as follows:

| Costs | Claimed Amount |
|---|---|
| Court Services | $150.00 |
| Stenograph | $15,419.76 |
| Witness | $4,046.29 |
| *Subtotals* | *$19,616.05* |

| Expenses | Claimed Amount |
|---|---|
| Reprographic | $9,492.20 |
| Postage & Courier | $2,507.65 |
| Long Distance | $133.06 |
| Travel | $12,923.13 |
| Expert | $36,480.80 |
| Legal Research | $1,902.26 |
| *Subtotals* | $63,439.10 |

| Fees | Actual Rate | COLA Monthly | COLA Midpoint | EAJA Rate |
|---|---|---|---|---|
| Attorneys | $188,513.50 | $127,669.73 | $125,579.75 | $101,150.00 |
| Paralegal | $5,151.00 | $5,151.00 | $5,151.00 | $5,151.00 |
| *Subtotals* | $193,664.50 | $132,820.73 | $130,730.75 | $106,301.00 |
| **Totals** | **$276,719.65** | **$215,875.88** | **$213,785.90** | **$189,356.15** |

**CERTIFICATE OF FILING**

I hereby certify that on February 19, 2008, a copy of ACE's Supplemental Brief Supporting EAJA Application and Bill of Costs was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Bradley S. Copenhaver_____________
W. Robert Vezina, III
Florida Bar No. 329401
Bradley S. Copenhaver
Florida Bar No. 162558
Vezina, Lawrence & Piscitelli, P.A.
413 East Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 224-6205
Facsimile: (850) 224-1353